IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| EVERALD R. SOBERS,<br><br>    Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC., *LSF8 Master Participation Trust*, *et al.*,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br>1:16-cv-335-WSD-JKL |

## FINAL REPORT AND RECOMMENDATION

Plaintiff Everald R. Sobers filed the instant Complaint against Defendants Caliber Home Loans, Inc. ("Caliber"), U.S. Bank, N.A. ("U.S. Bank"), law firm Albertelli Law, Inc. ("Albertelli Law"), and attorneys Keith S. Anderson, Danielle Hudson, James E. Albertelli, Yilin Chen, and Chad R. Simon (the "Defendant attorneys"). The Complaint also names 100 John Does and 100 Jane Does as defendants. This matter is presently before the Court on Defendants' Motions to Dismiss [Docs. 2, 8.] For the following reasons, I **RECOMMEND** that the Motions to Dismiss be **GRANTED**.

## I. The Complaint

In the Complaint, filed on February 4, 2016, Sobers alleges that Caliber "is a national banking association" and "is [a] 'debt collector' as that term is defined by [the Fair Debt Collection Practices Act ("FDCPA")]." (Compl. ¶ 3.) He also alleges that Albertelli Law is a law firm and "'debt collector[]' as that term is defined by [the FDCPA]." (*Id.* ¶ 4.) As to the Defendant attorneys, Sobers alleges that each attorney "is a license[d] attorney, who regularly collects or attempts to collect, directly or indirectly [through his or her law firm], debts owed or due or asserted to be owed or due through consumer-debt-collection litigation," and thus, he asserts, each attorney "is a Debt Collector . . . as that term is defined by [the FDCPA]." (*Id.* ¶¶ 5-9.)

In November 2006, Sobers obtained a residential mortgage loan in the amount of $246,000 from lender Solstice Capital Group, Inc. (Compl. ¶¶ 15-16.) Sobers executed a Note and Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender. (*Id.*; Compl., Exs. A, D.) The loan was secured by property located in Henry County, Georgia. (Compl., Ex. A.)

In January 2012, MERS assigned the Security Deed to HSBC Mortgage Services, Inc. ("HSBC"). (Compl. ¶ 16; Compl., Ex. A.) By 2014, HSBC was

also servicing the loan, and in June 2014, HSBC assigned the servicing of the loan to Caliber. (Compl. ¶ 17.) In August 2014, HSBC assigned the Security Deed to U.S. Bank. (Compl., Ex. E.)

Sobers asserts that Defendants enforced an interest in his real property through a "fraudulent" non-judicial foreclosure. (Compl. ¶ 14.) In November 2015, U.S. Bank recorded a Deed Under Power of Sale in the Henry County Clerk's Office. (Compl., Ex. D.) In January 2016, U.S. Bank, through its counsel Albertelli Law and Attorney Randy Berlew, initiated a dispossessory proceeding against Sobers. (*Id.*)

In Count One[1] of the Complaint, Sobers alleges that Defendants violated the FDCPA[2] by using a non-judicial foreclosure. (Compl. ¶ 18.) In Count Two, he challenges the validity of MERS's assignment of the Security Deed to HSBC because, in the Security Deed, MERS was only the nominee for his original lender and because MERS only tracks changes in ownership. (*Id.* ¶ 19-22.) He argues that HSBC also could not assign the servicing of the loan to Caliber, because "[s]ervicers at no time are allowed to own the debt/security interest and service it

---

[1] For ease of discussion, I refer to the sequential "Causes of Action" in the Complaint as "Count One," "Count Two," and so on.

[2] In Count One, Sobers refers to the FDCPA as the "Fair Credit Reporting Act," but it is clear that he is actually referring to the FDCPA.

3

at the same time." (*Id.* ¶ 22.) Further, he asserts that Caliber and non-parties MERS and HSBC committed "mortgage fraud" through these assignments. (*Id.*)

In Count Three, Sobers alleges that Defendants committed criminal residential mortgage fraud, in violation of O.C.G.A. § 16-8-102. (Compl. ¶¶ 24-25.) In Count Four, he alleges that Defendants recorded fraudulent assignments in violation of 18 U.S.C. § 1001. (*Id.* ¶ 27.) In Count Five, he alleges that Defendants violated the FDCPA by not proving the existence of a debt, by using a non-judicial foreclosure to collect on a debt, and by filing eviction proceedings for the purpose of collecting a debt. (*Id.* ¶¶ 29-35.)

## II. The Motions to Dismiss

### A. Caliber, U.S. Bank, and Anderson's Motion to Dismiss

On March 9, 2016, pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Caliber, U.S. Bank, and Anderson moved to dismiss the Complaint for failure to state a claim. [Doc. 2.] They argue that Sobers's claims are barred by claim preclusion because Sobers raised or could have raised his claims in previous adversary proceedings in Bankruptcy Court. [Doc. 2-1 at 7-12.] They also argue that Sobers's Complaint is an impermissible shotgun pleading. [*Id.* at 12-15.]

Caliber, U.S. Bank, and Anderson next argue that Sobers's Complaint fails to state a claim because it contains nothing more than bald assertions and is devoid

of factual matter to support each claim. [Doc. 2-1 at 15-16.] They specifically argue that Counts One and Five fail to state a claim under the FDCPA because Sobers provided nothing more than conclusory assertions that Defendants are debt collectors. [*Id.* at 15-18, 22-23.] As to Count Two, they argue that MERS's assignment of the Security Deed was valid, and in any event, Sobers was a stranger to the contract and lacks standing to challenge any assignments of the Security Deed. [*Id.* at 18-20.] Finally, they argue that the statutory provisions which form the bases for Counts Three and Four do not confer private rights of action. [*Id.* at 20-22.]

### B. Albertelli Law, Hudson, Albertelli, Chen, and Simon's Motion to Dismiss

On April 6, 2016, Albertelli Law, Hudson, Albertelli, Chen, and Simon moved to dismiss the Complaint for failure to state a claim under Rule 12(b)(6). [Doc. 8.] They argue that Sobers's claims are barred by claim preclusion. [Doc. 8-1 at 8-11.] On the merits, they argue the Complaint did not establish an FDCPA claim because Sobers did not provide specific factual allegations that Albertelli Law or the Defendant attorneys filed a lawsuit against him or that they were debt collectors attempting to collect a debt. [*Id.* at 11-17, 21-23.] They further assert that Sobers lacked standing to challenge any assignment of the Security Deed. [*Id.*

at 17-18.]  Finally, they argue, none of the statutes on which Sobers relies in Counts Three and Four confers a private right of action.  [*Id.* at 18-21.]

### C. Sobers's filings

Sobers has not responded to the Defendants' Motions to Dismiss.  He has, however, filed several documents which appear to be requests for judicial notice of various statutes, rules, and facts.  [Docs. 13-15.]  I have read and considered Sobers's filings, and I do not find them responsive to the Motions to Dismiss.

### III.   Discussion

### A. Standards governing the Motions to Dismiss

In evaluating a Rule 12(b)(6) motion to dismiss, a court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint need not provide "detailed factual allegations," but it must provide factual allegations sufficient to set forth the plaintiff's entitlement to relief.  *Twombly*, 550 U.S. at 555.  Providing only "labels and conclusions" is insufficient, "and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  In evaluating a complaint, courts should disregard any allegations that are mere legal

conclusions. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (discussing *Iqbal* and *Twombly*).

### B. Sobers's FDCPA claims (Counts One and Five)

In Count One and Five, Sobers alleges that Defendants violated the following provisions in the FDCPA: 15 U.S.C. §§ 1692d-1692g, 1692i-1692j. I address those allegations in the following order. First, I discuss why Sobers has failed to state violation of § 1692j with respect to any Defendant. Second, I explain why Sobers's failure to allege that Defendants Caliber and U.S. Bank are debt collectors is fatal to his remaining FDCPA claims against those defendants. Third, I address Sobers's § 1692i claims against Albertelli Law and the Defendant attorneys. Fourth, I address Sobers's § 1692g claims against those defendants. Fifth, I discuss Sobers's remaining FDCPA claims against those defendants.

### 1. Sobers has not stated a claim under § 1692j.

Sobers alleges in Count Five that the Defendants violated the FDCPA under 15 U.S.C. § 1692j "through a fraudulent Assignment and then, a false Sale." (Compl. ¶ 32.) Section 1692j provides:

> It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

7

15 U.S.C. § 1692j(a).  The conduct prohibited in § 1692j is known as "flat rating," which is explained as follows:

> A "flat-rater" is one who sells to creditors a set of dunning letters bearing the letter-head of the flat-rater's collection agency and exhorting the debtor to pay the creditor at once.  The creditor sends these letters to his debtors, giving the impression that a third party debt collector is collecting the debt.  In fact, however, the flat-rater is not in the business of debt collection . . . .

*Anthes v. Transworld Sys., Inc.*, 765 F. Supp. 162, 167-68 (D. Del. 1991) (quoting the FDCPA's legislative history).

Here, Sobers has not alleged that any Defendant designed, compiled, and furnished a false form to create the belief that a person, other than the creditor, is participating in the collection of the debt, when in fact such person is not so participating.  *See* 15 U.S.C. § 1692j(a).  Sobers's allegations about a "fraudulent" assignment and a "false" sale have no bearing on whether any Defendant designed, compiled, and furnished form letters to create such a false belief.  *See id.*; *Anthes*, 765 F. Supp. at 167-68.  Thus, Sobers's § 1692j claim should be dismissed as to all Defendants.  *See Hayes v. Bank of N.Y. Mellon*, No. 1:12-cv-2601-TWT-LTW, 2013 WL 504923, at *3 (N.D. Ga. Jan. 18, 2013) (recommending dismissal of a § 1692j claim where plaintiffs did not identify any false and deceptive forms or

explain defendants' roles in furnishing such forms), *report and recommendation adopted* 2013 WL 489145 (N.D. Ga. Feb. 8, 2013).

> **2. Sobers has not alleged facts showing that Defendants Caliber and U.S. Bank are debt collectors for purposes of his remaining FDCPA claims.**

The remaining allegations in Counts One and Five invoke provisions of the FDCPA that apply only to "debt collectors," as defined in that statute. (Compl. ¶¶ 18, 30-32); *see* 15 U.S.C. §§ 1692a, 1692d-1692g, 1692i. The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," subject to certain exclusions. 15 U.S.C. § 1692a(6). A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is a "debt collector" under the FDCPA. *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015). More specifically, the plaintiff must plead factual content that allows the court to reasonably infer that either (1) the defendant's principal business purpose is the collection of any debts, or (2) the defendant regularly collects debts owed to another. *Id.* at 1314. For claims alleging violations of § 1692f(6), a plaintiff also may show that the defendant's

9

principal business purpose is the enforcement of security interests.  15 U.S.C. §§ 1692a(6); 1692f(6).

To that end, the claims against Defendants Caliber and U.S. Bank should be dismissed because Sobers does not allege any facts tending to show that Caliber or U.S. Bank is a debt collector.  Sobers alleges no specific facts about U.S. Bank's debt collection activities.  As to Caliber, Sobers provides only a bare allegation that it is a "debt collector."  That statement is a conclusory assertion that this Court need not accept in evaluating the sufficiency of the Complaint.  *See Twombly*, 550 U.S. at 555; *Am. Dental Ass'n*, 605 F.3d at 1290.  The Complaint is otherwise devoid of any allegations from which this Court could infer that Caliber or U.S. Bank has the principal business purpose of collecting debts, regularly collects debts owed to another, or is in the business of enforcing security interests.  *See* 15 U.S.C. § 1692a(6); *Davidson*, 797 F.3d at 1314.

As to the Defendant attorneys and Albertelli Law, I am not convinced that Sobers has raised sufficient allegations to establish that they are debt collectors for purposes of the FDCPA.  Sobers has alleged that the Defendant attorneys regularly engage in debt-collection litigation through their respective law firms, including Albertelli Law, but otherwise merely parrots the FDCPA's definition of "debt collector."  *See Bonifacio v. Ne. Acquisitions Grp., Inc.*, 798 F. Supp. 2d 1321,

10

1323, 1324 n.3 (S.D. Fla. 2011) (holding that a complaint that merely parroted the language of the FDCPA did not state a claim). But even if Sobers had sufficiently alleged that the Defendant attorneys and Albertelli Law were debt collectors for purposes of the FDCPA, Sobers has not sufficiently alleged a violation of the FDCPA, as explained below.

### 3. Section 1692i did not require the Defendants to bring a legal action against Sobers.

In Count One, Sobers alleges that the Defendants violated § 1692i because "there was no judicial proceeding," and Defendants foreclosed on his property by non-judicial foreclosure. (Compl. ¶ 18.) In relevant part, § 1692i provides that a "debt collector who brings any legal action on a debt against any consumer shall[,] in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district . . . in which such real property is located." 15 U.S.C. § 1692i(a). Section 1692i concerns the venue in which a debt collector may bring a legal action against a consumer. Nothing in that provision requires a debt collector to bring a legal action against the consumer; nor does it prohibit a debt collector from enforcing a security deed through non-judicial foreclosure. Thus, Sobers cannot rely on § 1692i to state a claim against the Defendant attorneys and Albertelli Law for not bringing a judicial action against him.

11

> **4. Sobers has not established that Albertelli Law and the Defendant attorneys had an "initial communication" with him "in connection with the collection of a debt" for purposes of § 1692g.**

In Count Five, Sobers alleges that Defendants violated § 1692g by not providing him with verification of his debt after he "served [them] with a Notice of Dispute" demanding such verification. (Compl. ¶ 31.) Section 1692g requires a debt collector, in its initial communication with a debtor "in connection with the collection of any debt," or within five days after that initial communication, to provide a consumer with a notice of debt containing:

> a statement that if the consumer notifies the debt collector in writing within [a] thirty-day period that the debt . . . is disputed, the debt collector will obtain verification of the debt . . . and a copy of such verification . . . will be mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(a); *Bishop v. Ross Earle & Bohan, P.A.*, 817 F.3d 1268, 1269-70 (11th Cir. 2016).

Here, Sobers has not alleged that any Defendant attorney or Albertelli Law contacted him with an initial communication "in connection with the collection of any debt." Sobers alleges only that he contacted each of the Defendants and demanded that they provide verification of his debt. (Compl. ¶ 31.) But, even assuming that they are debt collectors, Albertelli Law and the Defendant attorneys' obligations under § 1692g(a) were not triggered unless they communicated with

him "in connection with the *collection* of" a debt. *See* 15 U.S.C. § 1692g(a) (emphasis added). Sobers's Complaint provides no specific factual allegations about Albertelli Law and the Defendant attorneys' involvement with collecting on the debt secured by the Security Deed. Nothing in the Complaint suggests that Albertelli Law or one of the Defendant attorneys contacted Sobers about his debt. To the extent that Sobers alleges that Albertelli Law communicated with him when one of its attorneys initiated a dispossessory proceeding against him, the filing of a summons and complaint is not an "initial communication" for purposes of § 1692g. *See Vega v. McKay*, 351 F.3d 1334, 1337 (11th Cir. 2003). Thus, Sobers has not shown that Albertelli Law or the Defendant attorneys violated § 1692g.

### 5. Sobers's remaining FDCPA allegations are wholly conclusory and therefore do not state a claim.

Sobers further alleges in Count Five that, by not filing a "judicial lawsuit" against him, Defendants were trying to steal from him when they enforced the Security Deed. He alleges that, by not taking legal action, they violated §§ 1692d, 1692e, 1692f, and 1692j. He provides no factual assertions for these claims, other than to recite the statutory language in those provisions, which is insufficient to state a claim. *See Twombly*, 550 U.S. at 555; *Am. Dental Ass'n*, 605 F.3d at 1290. Moreover, nothing in the Complaint makes plausible that the Defendant attorneys or Albertelli Law violated any of the cited provisions of the FDCPA.

For the foregoing reasons, Counts One and Five should be **DISMISSED** as to all of the named Defendants.

### C. Sobers does not have standing to challenge the assignment of the Security Deed. Thus, Count Two should be dismissed.

In Count Two, Sobers alleges that MERS, which was a nominee for the original lender and only tracks changes in ownership, did not have authority to assign the Security Deed to HSBC. (Compl. ¶¶ 19-22.) He further argues that HSBC, in turn, did not have authority to assign the servicing of the note to Caliber. (*Id.* ¶ 22.) Sobers alleges that Caliber, as well as non-parties HSBC and MERS, committed mortgage fraud through those assignments.

It is well-established under Georgia law that a borrower who is not a party to the assignment of a security deed lacks standing to challenge that assignment because he is a stranger to the assignment contract. *Jurden v. HSBC Mortg. Corp.*, 330 Ga. App. 179, 180 (2014); *Montgomery v. Bank of Am.*, 321 Ga. App. 343, 346 (2013); *see also Lawson v. Ocwen Loan Servicing, LLC*, No. 1:14-cv-1301-WSD, 2015 WL 881252, at *5 (N.D. Ga. Mar. 2, 2015). Here, Sobers was not a party to MERS's assignment of the Security Deed to HBSC, nor was he a party to the subsequent assignment of the servicing of the loan to Caliber. He has not alleged, and nothing in the Complaint suggests, that the assignment contracts were intended to benefit him. *See Jurden*, 330 Ga. App. at 180. Thus, he lacks standing

to challenge these assignments of the Security Deed, and Count Two should be **DISMISSED**.

> **D. Counts Three and Four should be dismissed because the statutes on which Sobers relies do not confer a private right of action.**

In Count Three of the Complaint, Sobers alleges that Defendants committed criminal residential mortgage fraud, in violation of O.C.G.A. § 16-8-102, by conducting an "illegal foreclosure," creating a "fraudulent" deed of sale, and filing the deed of sale with the Clerk of Court in Henry County. (Compl. ¶¶ 24-25.) In Count Four, Sobers asserts that, in recording "fraudulent" assignments, Defendants committed the criminal offense of forgery, in violation of O.C.G.A. § 16-9-1, violated state real estate licensing provisions in O.C.G.A. § 43-40-25, and violated 18 U.S.C. § 1001, which provides a criminal penalty for making false statements or using false documents in dealings with the federal government. (*Id.* ¶ 27.)

None of the state and federal criminal statutes on which Sobers relies confers a private right of action. Georgia's criminal residential mortgage fraud statute, O.C.G.A. § 16-8-102, can be enforced only by Georgia's Attorney General and district attorneys, and a plaintiff alleging mortgage fraud does not have a right to bring a civil action based on § 16-8-102. *See* O.C.G.A. § 16-8-104; *Bates v. Novastar/Nationstar Mortg. LLC*, No. 1:08-cv-1443-TWT, 2008 WL 2622810, at

15

\*7 (N.D. Ga. June 24, 2008).  Thus, Count Three does not state a claim because Sobers cannot bring a civil action for criminal residential mortgage fraud.

As for Count Four, it is well-established that there is no implied private right of action under 18 U.S.C. § 1001, which prohibits, *inter alia*, making or using false documents in any matter within the jurisdiction of the federal government.  *See* 18 U.S.C. § 1001(a); *Jenkins v. Medlock Tavern, Inc.*, No. 1:13-cv-2643-RWS, 2013 WL 4562736, at \*2 (N.D. Ga. Aug. 28, 2013); *see also Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137-38 (4th Cir. 1987); *Abou-Hussein v. Gates*, 657 F. Supp. 2d 77, 81 (D.D.C. 2009).  Nor is there a private right of action in O.C.G.A. § 43-40-25, which provides a framework for Georgia's Real Estate Commission to discipline real estate licensees.  *See* O.C.G.A. § 43-40-25.  It also does not appear that there is a private right of action for criminal forgery in Georgia under O.C.G.A. § 16-9-1.  *See Mendelson v. Se. Mortg. of Ga., Inc.*, No. 1:11-cv-3155-TWT-GGB, 2012 WL 3582630, at \*9 (N.D. Ga. July 26, 2012), *report and recommendation adopted* 2012 WL 3579779 (N.D. Ga. Aug. 16, 2012).

Even if there were a private cause of action under 18 U.S.C. § 1001, O.C.G.A. § 43-40-25, or O.C.G.A. § 16-9-1, those statutes are wholly inapposite. Sobers invokes those statutes in an attempt to challenge the validity of the

16

assignments of the Security Deed, which as discussed above with respect to Count Two, he lacks standing to do. Thus, Count Four fails for this additional basis.

In sum, the statutes on which Sobers relies in Counts Three and Four do not confer a private right of action, and otherwise are not applicable to the facts of this case. Counts Three and Four should therefore be **DISMISSED**.

### E. Sobers has raised no allegations against the fictitious Defendants and has failed to serve those Defendants.

Finally, although Sobers included 200 "Doe" Defendants in the caption of the Complaint, he has not described them or made any allegations about them. He also has not shown that he has served those Defendants in the nearly six months since he filed this case. Nor has he requested an extension of time to raise allegations about the fictitious Defendants or effect service on them.

"As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). There is a limited exception to the rule against fictitious pleading where the plaintiff's description of the defendant is "so specific as to be at the very worst surplusage." *Id.* (quotation omitted). Here, Sobers has not even attempted to describe the Doe Defendants. Thus, the limited exception to the prohibition on fictitious-party pleading does not apply. For this reason, Sobers's claims against the 200 Doe Defendants also should be **DISMISSED**.

17

### IV. Conclusion

In sum, I **RECOMMEND** that Defendants' Motions to Dismiss [Docs. 2, 8] be **GRANTED** and that Sobers's claims be **DISMISSED**.

IT IS SO RECOMMENDED this 27th day of July, 2016.

_____
JOHN K. LARKINS III
United States Magistrate Judge