IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EVERALD R. SOBERS,<br><br>      **Plaintiff,**<br><br>v.<br><br>CALIBER HOME LOANS, INC., LSF8 Master Participation Trust, U.S. BANK, N.A., ALBERTELLI LAW, INC., KEITH S. ANDERSON, Individually, DANIELLE HUDSON, Individually, JAMES E. ALBERTELLI, Individually, YILIN CHEN, Individually, CHAD R. SIMON, Individually, JOHN DOES 1-100,<br><br>      **Defendants.** | 1:16-cv-335-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge John K. Larkins III's Final Report and Recommendation [16] ("R&R"). The R&R recommends the Court grant Caliber Home Loans, Inc. ("Caliber"), U.S. Bank, N.A. ("U.S. Bank"), law firm Albertelli Law, Inc. ("Albertelli Law"), and attorneys Keith S. Anderson, Danielle Hudson, James E. Albertelli, Yilin Chen, and Chad R. Simon's (the "Defendant attorneys") (collectively, "Defendants") Motions to Dismiss [2], [8].

Also before the Court are Plaintiff Everald R. Sobers' ("Plaintiff") Objections to the R&R [18].

## I. BACKGROUND

### A. Facts[1]

On February 4, 2016, Plaintiff filed his Complaint [1]. Plaintiff alleges that Caliber "is a national banking association" and "is [a] 'debt collector' as that term is defined by [the Fair Debt Collection Practices Act ("FDCPA")]." (Compl. ¶ 3). He also alleges that Albertelli Law is a law firm and "'debt collector[]' as that term is defined by [the FDCPA]." (Id. ¶ 4). As to the Defendant attorneys, Plaintiff alleges that each attorney "is a license[d] attorney, who regularly collects or attempts to collect, directly or indirectly [through his or her law firm], debts owed or due or asserted to be owed or due through consumer-debt-collection litigation," and thus, he asserts, each attorney "is a Debt Collector . . . as that term is defined by [the FDCPA]." (Id. ¶¶ 5-9).

In November 2006, Plaintiff obtained a residential mortgage loan in the amount of $246,000 from lender Solstice Capital Group, Inc. (Compl. ¶¶ 15-16).

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

Plaintiff executed a Note and Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender. (Id.; Compl., Exs. A, D). The loan was secured by property located in Henry County, Georgia. (Compl., Ex. A).

In January 2012, MERS assigned the Security Deed to HSBC Mortgage Services, Inc. ("HSBC"). (Compl. ¶ 16; Compl., Ex. A). By 2014, HSBC was also servicing the loan, and, in June 2014, HSBC assigned the servicing of the loan to Caliber. (Compl. ¶ 17). In August 2014, HSBC assigned the Security Deed to U.S. Bank. (Compl., Ex. E).

Plaintiff asserts that Defendants enforced an interest in his real property through a "fraudulent" non-judicial foreclosure. (Compl. ¶ 14). In November 2015, U.S. Bank recorded a Deed Under Power of Sale in the Henry County Clerk's Office. (Compl., Ex. D). In January 2016, U.S. Bank, through its counsel Albertelli Law and Attorney Randy Berlew, initiated a dispossessory proceeding against Plaintiff. (Id.).

In Count One of the Complaint, Plaintiff alleges that Defendants violated the FDCPA by using a non-judicial foreclosure. (Compl. ¶ 18). In Count Two, he challenges the validity of MERS's assignment of the Security Deed to HSBC because, in the Security Deed, MERS was only the nominee for his original lender

and because MERS only tracks changes in ownership.  (Id. ¶¶ 19-22).  He argues that HSBC also could not assign the servicing of the loan to Caliber, because "[s]ervicers at no time are allowed to own the debt/security interest and service it at the same time."  (Id. ¶ 22).  He asserts further that Caliber and non-parties MERS and HSBC committed "mortgage fraud" through these assignments.  (Id.).

In Count Three, Plaintiff alleges that Defendants committed criminal residential mortgage fraud, in violation of O.C.G.A. § 16-8-102.  (Compl. ¶¶ 24-25).  In Count Four, he alleges that Defendants recorded fraudulent assignments in violation of 18 U.S.C. § 1001.  (Id. ¶ 27).  In Count Five, he alleges that Defendants violated the FDCPA by not proving the existence of a debt, by using a non-judicial foreclosure to collect on a debt, and by filing eviction proceedings for the purpose of collecting a debt.  (Id. ¶¶ 29-35).

B.    R&R and Objections

On July 27, 2016, the Magistrate Judge issued his R&R.  With respect to Plaintiff's FDCPA claims (Counts One and Five), the Magistrate Judge found: (1) Plaintiff fails to state a claim under Section 1692j; (2) Plaintiff did not allege facts to show that Caliber and U.S. Bank are debt collectors; (3) Section 1692i did not require Defendants to bring a legal action against Plaintiff; (4) Plaintiff did not establish that Albertelli Law and the Defendant attorneys had an "initial

communication" with him "in connection with the collection of a debt" for purposes of Section 1692g; and (5) Plaintiff's remaining FDCPA allegations are conclusory and fail to state a claim.  With respect to Count Two, the Magistrate Judge found that Plaintiff does not have standing to challenge the assignment of the Security Deed.  The Magistrate Judge next found that Counts Three and Four, which allege that Defendants committed criminal residential mortgage fraud and forgery, should be dismissed because the statutes upon which Plaintiff relies do not confer a private right of action.  Finally, the Magistrate Judge recommends that John Does 1-100 (the "Fictitious Defendants") should be dismissed.

On August 10, 2016, Plaintiff filed his Objections.  Plaintiff appears to object to the R&R on the ground that he planned to file an amended complaint.  He also claims the Magistrate Judge "ignored Plaintiff[']s Judicial Notices of Facts . . . ."  (Obj. at 2).[2]

---

[2]    Plaintiff also nonsensically argues that, while he "obviously [is] not a party to the securitization contracts like the PSA," he "is pointing out that MERS had no standing to challenge or transfer . . . .  If there is no valid transfer, there's no standing ever of the Security Note and/or Security Deed."  (Obj. at 2).

**II.   DISCUSSION**

    A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where no party has objected to the report and recommendation, the Court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    B.   Analysis of Plaintiff's Objections

The Court conducts its *de novo* review with respect to Plaintiff's arguments that (1) the R&R is premature because Plaintiff planned to file an amended complaint and that (2) the Magistrate Judge "ignored Plaintiff[']s Judicial Notices of Facts . . . ."  (Obj. at 2).  Because Plaintiff does not object to any specific portion of the R&R, the Court conducts a plain error review of the R&R.

1. <u>Amended Complaint</u>

Plaintiff claims the R&R was premature because he planned to file an amended complaint. Rule 15 of the Federal Rules of Civil Procedure provides:

> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Nearly half a year has passed since Plaintiff filed his Objections, and Plaintiff has yet to file the amended complaint he claims "was forth coming [sic] and currently in the construction process . . . ." (Obj. at 1). The time for Plaintiff to amend his Complaint as a matter of course has passed, and Plaintiff did not seek the permission of the Court or Defendants' consent to file an amended complaint.

Even if the Court construed Plaintiff's Objection as a motion for leave to file an amended complaint, the Court would deny the motion as futile. Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so

7

requires." Fed. R. Civ. P. 15(a)(2). "There must be a substantial reason to deny a motion to amend." Laurie v. Ala. Ct. of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, undue prejudice to the opposing party . . . [and] futility of amendment. Id. (quoting Foman v. Davis, 371 U.S. 178, 185 (1962)). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007). Here, Plaintiff does not indicate how he would amend his Complaint to survive a motion to dismiss, and, for the reasons detailed in the Court's analysis of the R&R, the Court finds amendment would be futile. Plaintiff's objections are overruled.

### 2. Judicial Notices of Facts

Plaintiff next argues that the Magistrate Judge ignored Plaintiff's Judicial Notices of Facts. Plaintiff's notices [13], [14], [15] include statements such as "all motions and defenses presented in this matter have no lawful merit under the law," ([13] ¶ 2); "the Plaintiff has completed a Private Administrative Agreement, by way of an Administrative Remedy and there is no issue of dispute," ([14] at 3); "the law of Negotiable Instruments and securities fall under Article 3 and 9 of the

United [sic] Commercial Code this supersedes any Judicial Ruling to the contrary" ([15] ¶ 13). Notwithstanding the largely irrelevant and nonsensical assertions contained in the Notices of Facts, the Magistrate Judge specifically noted that he "read and considered [Plaintiff]'s filings, and [he] d[id] not find them responsive to the Motions to Dismiss." (R&R at 6). Plaintiff does not identify any portion of his Judicial Notices of Facts that are pertinent to the Motions to Dismiss or the Magistrate Judge's analysis of them, and Plaintiff's objections are overruled.

    C.    <u>Plain Error Review of the R&R</u>

        1.    <u>FDCPA Claims (Counts One and Five)</u>

           a)    <u>Section 1692j Claim</u>

Sobers alleges in Count Five that the Defendants violated the FDCPA under 15 U.S.C. § 1692j "through a fraudulent Assignment and then, a false Sale." (Compl. ¶ 32.) Section 1692j provides:

> It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

15 U.S.C. § 1692j(a). The conduct prohibited in § 1692j is known as "flat rating," which is explained as follows:

9

> A "flat-rater" is one who sells to creditors a set of dunning letters bearing the letter-head of the flat-rater's collection agency and exhorting the debtor to pay the creditor at once. The creditor sends these letters to his debtors, giving the impression that a third party debt collector is collecting the debt. In fact, however, the flat-rater is not in the business of debt collection . . . .

Anthes v. Transworld Sys., Inc., 765 F. Supp. 162, 167-68 (D. Del. 1991) (quoting the FDCPA's legislative history).

The Magistrate Judge found that Plaintiff did not allege that any Defendant designed, compiled, and furnished a false form to create the belief that a person, other than the creditor, is participating in the collection of a debt, when in fact such person is not so participating.  (R&R at 8 (citing 15 U.S.C. § 1692j(a))).  The Magistrate Judge thus recommends the Court grant Defendants' motion to dismiss Plaintiff's Section 1692j claims as to all Defendants.  The Court finds no plain error in these findings and recommendation, and Plaintiff's Section 1692j claims are dismissed.  See Slay, 714 F.2d at 1095.

            b)    "Debt Collectors"

The remaining allegations in Counts One and Five invoke provisions of the FDCPA that apply only to "debt collectors," as defined in that statute. (Compl. ¶¶ 18, 30-32); see 15 U.S.C. §§ 1692a, 1692d-1692g, 1692i.  The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the

collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," subject to certain exclusions. 15 U.S.C. § 1692a(6). A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is a "debt collector" under the FDCPA. Davidson v. Capital One Bank (USA), N.A., 797 F.3d 1309, 1313 (11th Cir. 2015).

The Magistrate Judge found that the claims against all Defendants should be dismissed because Plaintiff does not allege any facts tending to show that any Defendant is a debt collector. The Court finds no plain error in these findings and recommendation, and Plaintiff's remaining FDCPA claims are dismissed. See Slay, 714 F.2d at 1095.

        c)    <u>Failure to State an FDCPA Claim</u>

The Magistrate Judge found that, even if Plaintiff alleged facts to show that Defendants are debt collectors, Plaintiff fails to state a claim under the FDCPA. First, in Count One, Plaintiff alleges that Defendants violated Section 1692i because "there was no judicial proceeding," and Defendants foreclosed on his property by non-judicial foreclosure. (Compl. ¶ 18). The Magistrate Judge noted that Section 1692i concerns the venue in which a debt collector may bring a legal

action against a consumer, and that the provision does not prohibit a debt collector from enforcing a security deed through non-judicial foreclosure.

Next, in Count Five, Plaintiff alleges Defendants violated Section 1692g by not providing him with verification of his debt after he "served [them] with a Notice of Dispute" demanding such verification.  (Compl. ¶ 31).  Section 1692g requires a debt collector, in its initial communication with a debtor "in connection with the collection of any debt," or within five days after that initial communication, to provide a consumer with a notice of debt containing certain information.  See 15 U.S.C. § 1692g(a).  The Magistrate Judge found that Plaintiff did not allege that any Defendant contacted him with an initial communication "in connection with the collection of any debt."

Finally, Plaintiff alleges in Count Five that, by not filing a "judicial lawsuit" against him, Defendants tried to steal from him when they enforced the Security Deed.  Plaintiff did not provide any factual assertions to support these claims, and the Magistrate Judge found that nothing in the Complaint makes plausible that Defendants violated any of the cited provisions of the FDCPA.  Accordingly, the Magistrate Judge found that, even if Plaintiff alleged that Defendants were debt collectors under the FDCPA, Plaintiff fails to state a claim for relief under the FDCPA, and the Magistrate Judge recommends the Court grant Defendants'

motion to dismiss Counts One and Five.  The Court finds no plain error in these findings and recommendations, and Counts One and Five are dismissed.  See Slay, 714 F.2d at 1095.

> 2. Standing to Challenge the Assignment of the Security Deed (Count Two)

Plaintiff alleges that MERS did not have authority to assign the Security Deed to HSBC, and that HSBC did not have authority to assign the servicing of the note to Caliber.  It is well-established under Georgia law that a borrower who is not a party to the assignment of a security deed lacks standing to challenge that assignment because he is a stranger to the assignment contract.  Jurden v. HSBC Mortg. Corp., 765 S.E.2d 440, 442 (Ga. Ct. App. 2014).  Plaintiff was not a party to the MERS assignment to HSBC or the subsequent assignment to Caliber, and he did not allege that the assignment contracts were intended to benefit him . The Magistrate Judge thus determined that Plaintiff lacks standing to challenge the assignments, and he recommends the Court grant Defendants' motion to dismiss Count Two.  The Court finds no plain error in these findings and recommendations, and Count Two is dismissed.  See Slay, 714 F.2d at 1095.

> 3. Counts Three and Four

Plaintiff alleges Defendants committed the following criminal offenses: criminal residential mortgage fraud, in violation of O.C.G.A. § 16-8-102 (Count

13

Three); criminal forgery, in violation of O.C.G.A. § 16-9-1; state real estate licensing provisions in O.C.G.A. § 43-40-25; and false statements in violation of 18 U.S.C. § 1001 (Count Four).  These state and federal criminal statutes do not confer a private right of action.  See See O.C.G.A. § 16-8-104; 18 U.S.C. § 1001(a); O.C.G.A. § 43-40-25; Mendelson v. Se. Mortg. of Ga., Inc., No. 1:11-cv-3155-TWT-GGB, 2012 WL 3582630, at *9 (N.D. Ga. July 26, 2012).  Even if the statutes provided a private right of action, the Magistrate Judge found that Plaintiff uses these statutes to attempt to challenge the validity of the assignments of the Security Deed, which he lacks standing to do.  The Magistrate Judge recommends the Court grant Defendants' motion to dismiss Counts Three and Four.  The Court finds no plain error in these findings and recommendation, and Counts Three and Four are dismissed.  See Slay, 714 F.2d at 1095.

        4.      Fictitious Defendants

Plaintiffs' Complaint also names as defendants John Does 1-100.  Fictitious party pleading is not permitted in federal court, unless the plaintiffs' description of the fictitious defendants is so specific as to be, at the very worst, surplusage. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010).  Plaintiff did not allege any details regarding the identities or actions of the Fictitious Defendants, and the Magistrate Judge recommends the Court dismiss the Fictitious Defendants from

14

this action. The Court finds no plain error in these findings and recommendation, and the Fictitious Defendants are dismissed. See Slay, 714 F.2d at 1095.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins III's Final Report and Recommendation [16] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff Everald R. Sobers' Objections [18] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss [2], [8] are **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**SO ORDERED** this 2nd day of February, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE